IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §   No. 3:20-cr-193-K (1) |
| | § |
| SHANA MARIE DUKE, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Defendant Shana Marie Duke is charged in an indictment with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846. *See* Dkt. No. 13. She has submitted plea papers proposing to plead guilty to the Section 922(g)(1) count. *See* Dkt. Nos. 22, 23, & 24.

After her arrest, the government moved to detain Ms. Duke pretrial. *See* Dkt. No. 6. At her initial appearance in February 2020, the Court appointed Randy Bowers to represent Ms. Duke. *See* Dkt. No. 5. Ms. Duke then waived a preliminary hearing and a detention hearing without reservation, after consulting with Ms. Bowers. *See* Dkt. No. 8. And the Court ordered that she be detained pending trial. *See* Dkt. No. 9.

Ms. Duke's counsel has now filed a Motion for Court to Set Personal Recognizance Bond and Release Defendant Pending Sentencing. *See* Dkt. No. 25. United States District Judge Ed Kinkeade has referred this motion to the undersigned United States magistrate judge for a hearing, if necessary, and determination. *See* Dkt. No. 27. And the government has filed a response opposing

the motion. See Dkt. No. 29.

Ms. Duke's motion asks that the Court "set a Personal Recognizance bond so that Shana Mare Duke may return home pending sentencing," explaining that

> Ms. Duke is charged with Unlawful Possession of a firearm by a felon. She is currently housed in a federal facility in Groesbeck, Texas.
> Ms. Duke has COVID-19 (she has tested positive) and is extremely ill. She also suffers from COPD and had a massive heart attack in 2009. She has not seen medical and has begged to be hospitalized.

Dkt. No. 25 at 1-3 (footnote omitted).

The government responds that Ms. Duke

> moves to be released on bail pending trial pursuant to 18 U.S.C. § 3145(b) based not on any facts or law, but rather on the fact that she has tested positive for COVOD-19. Notably, according to official within the U.S. Marshal's office, Ms. Duke did test positive for COVID on August 13, 2020, but has since recovered and tested negative.
> Courts have commonly rejected such arguments because the danger of coronavirus does not supersede the statutory considerations of 18 U.S.C. § 3142. Moreover, the defendant has not demonstrated that the detention facility's staff and medical personnel are unprepared to address any such cases. The Court should deny the motion.
> ….
> Defendant's motion, which is sparse, only discusses her positive test for COVID-19 and wholly ignores the factors that this Court must consider in determining whether a defendant should be detained pending trial. Those factors strongly support the defendant's continued detention.
> As an initial matter, the government is invoking the rebuttable presumption that no combination of release conditions will assure the safety of the community under 18 U.S.C. § 3142(e). See 18 U.S.C. § 3142(e). Defendant cannot rebut that presumption for the reasons explained below.
>     i. Nature and circumstances of this offense (3142(g)(1))
> On August 8, 2019, at about 4:00 P.M., Dallas Police Department Gang Unit Officers executed a search warrant at 9614 Paramount Avenue in the City of Dallas, Dallas County Texas. Gang Unit Officers knew that this location was Duke's primary residence.
> A search of this residence was conducted and Gang Unit

>Detectives recovered a clear sandwich baggie containing approximately two and one tenths grams of methamphetamine. The methamphetamine was located in a dresser drawer in Duke's bedroom. Also in the drawer were multiple digital scales with methamphetamine residue and mail with Duke's name and address.
>
>Detectives recovered a Malarov 9mm handgun serial number BB0476 under the mattress of Duke's bed. Duke was a convicted felon at the time of this search. Detective Darst conducted an interview of a cooperating source (CS) who made statements against his/her penal interests. The CS stated that he/she had provided Duke large distributable amounts of methamphetamine on multiple occasions. Agent Darst found this information to be credible based on information previously provided[….] A field test was conducted on the substance which showed a positive result for the presence of methamphetamine. ATF agents examined the firearm and determined that it has been transported in interstate commerce.
>
>   ii. Weight of the evidence (3142(g)(2))
>
>As evidenced by her filed plea papers, Duke concedes she is guilty of the offense.
>
>   iii. Defendant's history and characteristics (3142(g)(3))
>
>Duke is a convicted felon and a well-known drug dealer.
>
>   iv. Nature and seriousness of the danger to another person or the community posed by release (3142(g)(4))
>
>As Congress and the Court have recognized, drug trafficking poses a significant danger to the community. If released, Duke will almost assuredly return to drug dealing. Duke effectively conceded this element by waiving the detention hearing.
>
>….
>
>Defendant's motion for release is premised on the health risks she faces from COVID-19. But the existence of a pandemic, in and of itself, cannot be used by any and every defendant to avoid pretrial detention, especially in the circumstances here.

Dkt. No. 29 at 1, 4-5 (citation and emphasis omitted).

## Legal Standards and Analysis

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Ms. Duke was eligible for pretrial detention under 18 U.S.C. § 3142(f)(1) at her initial appearance because she was charged by a complaint with a felony offense

involving the possession or use of a firearm and with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46. *See* 18 U.S.C. § 3142(e)(3).

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). And the government, in moving for detention, also invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption, which applied in this case where Ms. Duke waived her preliminary hearing and there was therefore probable cause to believe that she committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

Ms. Duke knowingly and voluntarily waived a preliminary hearing and a detention hearing without reservation, after consultation with the attorney appointed to represent her, *see* Dkt. Nos. 7 & 8, and was ordered detained pending trial under 18 U.S.C. § 3142(f), *see* Dkt. No. 9.

The Court may reopen a detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Court also "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see also United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) (explaining that "a judicial officer may subsequently order the temporary release of the detainee to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense.'" (quoting 18 U.S.C. § 3142(i))).

Ms. Duke does not explain the statutory basis for her motion, but the Court interprets her motion as based on 18 U.S.C. §§ 3142(f) and 3142(i) and will address each statutory basis in turn.

I.  <u>18 U.S.C. § 3145(f)</u>

18 U.S.C. § 3142(f)(2)

> provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."
> 
> Under Section 3142(f)(2), the United States Court of Appeals for the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Stanford*, 341 F. App'x 979,

> 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).
>
> The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last considerably longer than usual. Under the Bail Reform Act a hearing may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted)); *accord Stanford*, 367 F. App'x at 510-11.

*United States v. Cooper*, No. 3:16-cr-60-M, 2018 WL 1916983, at *15 (N.D. Tex. Apr. 2, 2018) (citation modified), *rec. accepted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018); *see also United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) ("[T]he purpose of the statute ... is to allow parties to present unknown information that increases the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole.").

Ms. Duke's motion offers no new evidence – no new information that exists now and was not known to her when she waived a detention hearing – to support reopening the issue of detention other than her COVID-19 diagnosis. But she does not explain how the fact of that diagnosis "increases the chances the defendant

- 6 -

appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole." *Martin*, 2015 WL 1738362, at *2. A defendant seeking to reopen under Section 3142(f) must specify what new, material evidence justifies reopening a hearing in the first instance. And, as the government reports from an official in the U.S. Marshal's office, while Ms. Duke did test positive for COVID on August 13, 2020, she has since recovered and tested negative.

To the extent that Ms. Duke argues that her release is necessary to protect the safety or good of the community, that is unpersuasive in the context of Section 3142 because the "assertion that there is a public good in the release of as many prisoners as possible to avoid spread of the pandemic, as [Ms. Duke perhaps] argues ..., would be an argument for releasing all detainees." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (internal quotation marks and citation omitted).

And, as the government has pointed out, Ms Duke's motion "wholly ignores the factors that this Court must consider in determining whether a defendant should be detained pending trial." Dkt. No. 29 at 4. Ms. Duke offers no information that would address or "ha[ve] a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Ms. Duke's positive COVID-19 test result – particularly when followed by her reported subsequent negative test result and apparent recovery– does not, alone, amount to information that would be relevant to, or enable Ms. Duke to show that

she can overcome, the rebuttable presumption and show that she is neither a flight risk nor a danger to the community and can be released pending sentencing on a combination of conditions that would reasonably assure her appearance as required and the safety of any other person and the community.

II.     18 U.S.C. § 3142(i)

18 U.S.C. § 3142(i) does "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Under Section 3142(i), courts have held that a defendant "bear[s] the burden to show that [her] release is 'necessary for preparation of the person's defense'" or for another compelling reason. *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013).

In the context of arguments for release based on the COVID-19 pandemic as "another compelling reason," another court has explained that

> [t]here is limited authority as to when temporary release is justified under § 3142(i) based on "another compelling reason," although a defendant's medical condition may present that compelling reason in a particular case. *See United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir. 2009) (noting the defendant could seek temporary release under § 3142(i) for medical reasons). Courts have typically granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). ....
> A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of

> nonappearance or a risk of harm to any others or the community. The risk of harm to the defendant does not usually bear on this analysis. Rather, whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic ought to more properly considered on a case-by-case basis under the "another compelling reason" prong of § 3142(i), as the district court did in *Hamilton*, 2020 WL 1323036, at *2.

*United States v. Clark*, Case No. 19-40068-01-HLT, 2020 WL 1446895, at *2-*3 (D. Kan. Mar. 25, 2020). That court noted that the considerations for determining whether detention or release is appropriate under Section 3142 "should be taken into consideration in determining whether a defendant has presented such compelling reasons for temporary release that they effectively override or at least sufficiently counterbalance the findings that originally justified the pretrial detention order." *Id.* at *3.

The Court denies Ms. Duke's alternative Section 3142(i) request pointing to her COVID-19 diagnosis as a "compelling reason" for her temporary release pending sentencing for the same reasons explained above: Her positive COVID-19 test result – when followed by her reported subsequent negative test result and apparent recovery – does not, alone, amount to information that would be relevant to, or enable Ms. Duke to show she can overcome, the rebuttable presumption and show that she is neither a flight risk nor a danger to the community and can be released pending trial on a combination of conditions that would reasonably assure her appearance as required and the safety of any other person and the community. As another judge in this district has noted, "contracting the COVID-19 virus is not in and of itself a compelling reason for release," and, even if "a detainee's inability to obtain necessary health care within the detention facility" might be such a reason, *United States v.*

*Rivers*, No. 3:17-cr-460-M, Dkt. No. 723 at 2 (N.D. Tex. July 29, 2020), the record here does not support a finding that Ms. Duke is – or, at this point, has been – unable to obtain necessary health care at her detention facility.

Ms. Duke offers no factual basis to believe that her release would be appropriate under 18 U.S.C. § 3142(c) and (e), after considering the 18 U.S.C. § 3142(g) factors, and, under those circumstances, her contracting – and then apparently recovering from – COVID-19 at her detention facility does not justify temporary release to an "appropriate person" under 18 U.S.C. § 3142(i). Ms. Duke has failed to meet her burden under 18 U.S.C. § 3142(i) to show that her temporary release from detention pending sentencing is necessary at this time for another compelling reason.

## Conclusion

For the reasons explained above, the Court DENIES Defendant's Motion for Court to Set Personal Recognizance Bond and Release Defendant Pending Sentencing [Dkt. No. 25].

DATED: August 31, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE